UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:20-cv-00778

| | |
|---|---|
| THE ESTATE OF JOHN MARK HENDRICK, JR. (deceased) by and through its duly appointed administrator, DONNA FAYE KIGER, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| BARRY LEE BARTRUG, III in his individual capacity and as an agent for the Davidson County Sheriff, MATTHEW JACOB SHELTON, in his individual capacity and as an agent for the Davidson County Sheriff, and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, Surety on the Official Sheriff's Bond under N.C.G.S. § 162-8, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) **ANSWER** |
| Defendants. | ) |

NOW COME the Defendants, by and through counsel, answering Plaintiff's Complaint, allege and say as follows:

### FIRST DEFENSE

Defendants plead all applicable immunities to which they are entitled to by operation of law and in bar of Plaintiff's claims herein, including, but not limited to, governmental immunity, public officials' immunity, and qualified immunity.

### SECOND DEFENSE

In response to the individually numbered paragraphs of Plaintiff's Complaint,

1

Defendants state as follows:

1. Denied for lack of information or belief.

2-3. It is admitted Defendants Bartrug and Shelton are citizens and residents of Davidson County and under no disability. It is denied that either Defendant is liable to the Plaintiff in any capacity or under any statute, law or theory. Except as admitted, denied as stated.

4. Admitted.

5. No response is required.

6. The allegations in this paragraph constitute conclusions of law for which no response is required. To the extent a response is required, it is denied that the Defendants are liable to the Plaintiff under the Constitution of the United States or North Carolina, or under any statute, law, or theory.

7-11. Denied.

12. No response is required. To the extent a response is required, denied as stated.

13. The allegations in this paragraph constitute conclusions of law for which no response is required.

14. Denied.

15. No response is required.

16. The allegations in the first two sentences of this paragraph are admitted. Except as admitted, denied for lack of information or belief,

17-20. Denied for lack of information or belief.

2

21. It is admitted that the vehicle that the subject vehicle entered Lexington and the Defendants and others attempted to stop the vehicle. It is further admitted that the vehicle struck a median and the Defendants and others unsuccessfully attempted to block the vehicle. Except as admitted, denied as stated.

22. It is admitted that the Defendants got out of their vehicles and that Defendant Bartrug gave commands to the occupants of the vehicle. It is further admitted that after the subject vehicle had struck Defendant Shelton's vehicle, and then made a movement toward the Defendants, both Defendants fired their weapons at the subject vehicle, and Hendrick was shot. Except as admitted denied as stated or for lack of information or belief.

23. Denied for lack of information or belief.

24. No response is required.

25. Denied.

26. The allegations in this paragraph constitute conclusions of law for which no response is required.

27-28. Denied.

29. No response is required.

30-31. Denied.

32. It is admitted that the Deputies were at all times acted in the course and scope of their authority. Except as admitted, denied.

33. No response is required.

34-35. Denied.

36. It is admitted that the Deputies were at all times acted in the course and scope of their authority. Except as admitted, denied.

37. No response is required.

38-39. Denied.

40. No response is required.

41-42. Denied.

EACH ANY EVERY OTHER ALLEGATION CONTAINED IN THE COMPLAINT WHICH HAS NOT BEEN SPECIFICALLY ADMITTED OR OTHERWISE RESPONDED TO HEREIN, INCLUDING PLAINTIFF'S PRAYER FOR RELIEF, IS HEREBY DENIED

### THIRD DEFENSE

Defendants allege that at all times relevant to this action, they were acting without malice and with a good faith belief that their duties were carried out in accordance with the Laws and the Constitutions of the United States and the State of North Carolina, and as such, are protected by the Doctrine of Public Officials immunity as well as qualified immunity.

### FOURTH DEFENSE

Plaintiff's damages were the result of intervening, insulating, superseding acts or omissions of third persons over whom Defendants had no control nor responsibility. Such acts or omissions of third persons was the active and primary and the real cause of any injuries and/or damages allegedly sustained by Plaintiff, and intervened, superseded, and insulated any purported act or omission on the part of the Defendants, and therefore

4

Plaintiff's claims fail as a matter of law.

## FIFTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

## SIXTH DEFENSE

Defendants did not engage in, promote, or further any policy or practice which deprived Plaintiff of any right secured by the Constitution or laws of this land.

## SEVENTH DEFENSE

Plaintiff's claim for punitive damages is in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States in that it deprives Defendants of property without due process of law; further the claim for punitive damages is violative of the Fourteenth Amendment of the Constitution of the United States concerning protection; and the punitive damages claim is further in violation of the Eighth Amendment of the Constitution of the United States prohibiting in position of excessive fines.

## EIGHTH DEFENSE

Defendants reserve the right to amend their Answer and to assert additional affirmative defenses as the claims of the Plaintiff are more fully disclosed during the course of this litigation.

WHEREFORE, Defendants pray unto the Court as follows:

1. That Plaintiff have and recover nothing of Defendants;

2. For the dismissal of Plaintiff's action;

3. For the cost of defending this action, including reasonable attorney fees;

4. For such other and further relief as the Court may deem just and proper; and

5. For trial by jury on all issues triable herein.

This the 30th day of October, 2020.

                              CRANFILL SUMNER & HARTZOG, LLP

                              BY:   /s/Patrick H. Flanagan
                                       Patrick H. Flanagan, State Bar #17407
                                       *Attorney for Defendants*
                                       Post Office Box 30787
                                       Charlotte, North Carolina 28230
                                       Telephone: (704) 332-8300
                                       Facsimile: (704) 332-9994
                                       phf@cshlaw.com

## **CERTIFICATE OF SERVICE**

This is to certify that the undersigned has this day electronically filed the foregoing **ANSWER** with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to the following:

>John C. Vermitsky
>John N. Taylor, Jr.
>**Morrow Porter Vermitsky & Taylor, PLLC**
>jvermitsky@morrowporter.com
>jtaylor@morrowporter.com
>*Attorneys for Plaintiff*

This the 30th day of October, 2020.

>CRANFILL SUMNER & HARTZOG, LLP


BY: /s/Patrick H. Flanagan
Patrick H. Flanagan, State Bar #17407
*Attorney for Defendants*
Post Office Box 30787
Charlotte, North Carolina 28230
Telephone: (704) 332-8300
Facsimile: (704) 332-9994
phf@cshlaw.com